OPINION
Plaintiffs-appellants, James J. Nail, individually and as administrator of the estate of Gayla M. Nail, deceased, appeal from the judgment of the Trumbull County Court of Common Pleas declaring that one hundred thousand dollars ($100,000) of coverage was available under a policy issued by defendant-appellee, Erie Insurance Company ("Erie"), to Timothy and Valerie Staley.
On February 24, 1999, appellants filed a complaint for declaratory judgment against Erie and the Staleys. Gayla Nail was killed on September 19, 1995, when struck by an automobile driven by Timothy Staley. Appellants asked the trial court to apply Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, to find that the three hundred thousand dollar ($300,000) accident limit of the insurance policy issued to the Staleys by Erie applied and not the one hundred thousand dollar ($100,000) per person limit. Appellants argued that, under Ross v. Farmers Ins. Group ofCompanies (1998), 82 Ohio St.3d 281, the law in effect at the time the insurance contract was entered into controlled. Appellants contended that a continuation notice extending the Staleys' policy from September 9, 1995 through September 9, 1996, meant the policy was entered into prior to the enactment of Senate Bill 20.
On June 16, 1999, Erie filed a motion for summary judgment, asking the trial court to declare, as a matter of law, that only one hundred thousand dollars ($100,000) in liability coverage was available to satisfy appellants' wrongful death claims. Erie asserted that multiple wrongful death claims were subject to the per person liability limit under the Staleys' policy. Erie stated that R.C. 3937.44, effective October 20, 1994 pursuant to Senate Bill 20, superseded Savoie, permitting insurance policy provisions that consolidate multiple wrongful death claims under a per person limit. Erie argued that the clause in the policy incorporating any change in the law of the state into the policy, resulted in R.C. 3937.44 becoming a part of the policy at issue. Erie further argued that the renewal of the policy after the effective date of Senate Bill 20, meant that the provisions of the Bill became a part of the policy. Erie disputed that the Staley policy was one continuous contract, beginning with the first policy issued to the Staleys.
Appellants filed a motion for summary judgment. However, the motion is not in the file before this court. Based upon the response briefs in the record, appellants argued the language of the policy was ambiguous with regard to the terms "laws" and "comply." Appellants asserted the same arguments as were set forth in their complaint for declaratory judgment.
On November 21, 1999, the parties entered into a stipulation and consent order/judgment. Erie agreed to pay appellants one hundred thousand dollars ($100,000). In consideration for the payment, appellants agreed to release and discharge the Staleys from all claims or causes of actions resulting from the September 19, 1995 accident. Appellants' claims against the Staleys in the instant case were dismissed with prejudice. The declaratory judgment action between appellants and Erie continued for a determination of the liability limits under the Staleys' policy.
On April 20, 2001, the trial court issued its judgment entry disposing of the parties' cross-motions for summary judgment. The court found thatWolfe v. Wolfe (2000), 88 Ohio St.3d 246, controlled the issue of the liability limits of the Staleys' policy. The trial court determined R.C.3937.44 was incorporated into the policy as a matter of law when the statute took effect on October 20, 1994, prior to Gayla Nail's death. The statute limited appellants' wrongful death claims to the one hundred thousand dollar ($100,000) per person limit. The trial court granted Erie's summary judgment motion and denied appellants' motion for summary judgment.
Appellants assign the following assignment of error for our review:
 "The trial court erred as a matter of law in granting appellee's motion for summary judgment and denying plaintiffs' motion for summary judgment."
In their assignment of error, appellants dispute that Wolfe applies to the instant case because the policy was not a renewal and that Savoie
controls. Appellants argue the policy could not be changed after the last anniversary date of the initial issuance of the policy, and that date occurred ten days prior to the decedent's death. Appellants dispute that the policy was renewed, arguing the policy was continuous. The continuous policy established the rights between Erie and the Staleys at the time they entered into the contract.
This case was decided by summary judgment. In accordance with Civ.R. 56, the evidence must be construed most strongly in favor of the non-moving party. Summary judgment should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the non-moving party. Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64. An appellate court reviews a trial court's ruling on a summary judgment motion de novo. Pennsylvania LumbermensIns. Corp. v. Landmark Elec. Inc. (1996), 110 Ohio App.3d 732, 743.
Appellants first contend that Wolfe does not apply to the Staleys' policy because the policy is continuous rather than being a new policy or a renewal. Appellants assert Savoie is applicable, thereby making unenforceable the policy provision consolidating wrongful death claims.
In Wolfe, supra, the Supreme Court of Ohio held at syllabus:
 "1. Pursuant to R.C. 3937.31(A), every automobile liability insurance policy issued in this state must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C 3937.30 to 3937.39.
 "2. The commencement of each policy period mandated by R.C. 3937.31(A) brings into existence a new contract of automobile insurance, whether the policy is categorized as a new policy of insurance or a renewal of an existing policy."
In Ryberg v. Allstate Ins. Co. (July 12, 2001), Franklin App. No. 00AP-1243, unreported, 2001 Ohio App. LEXIS 3126, the Tenth District Court of Appeals noted that Senate Bill 20, including R.C. 3937.44, was intended to supersede Savoie. The court rejected the argument that Wolfe
did not apply because the policy "continued" into the next policy and, as such, it was not a new policy or a renewal. The court stated that Wolfe
does not indicate that a new contract of insurance exists only if the policy is categorized as either a "new policy" or a "renewal" of an existing policy. Rather, Wolfe holds that a new policy of insurance is created, as a matter of law, at the beginning of a new guarantee period. The way that policy is labeled makes no difference.
In Wolfe, the Supreme Court of Ohio stated that the statutory law to be applied was that in effect on the date each new insurance policy was issued. As determined from the initial date of issuance, an ongoing insurance policy is deemed to be newly issued at two-year intervals on the anniversary date of that issuance. Therefore, the law to be applied when an accident occurs depends on the law in effect at the beginning of the most recent two-year interval. Mohlmaster v. State Farm Mut. Auto.Ins. Co. (Feb. 13, 2002), Summit App. No. 20684, unreported, 2002 Ohio App. LEXIS 518.
Under Wolfe, every automobile liability insurance policy has a two-year period during which the policy cannot be altered, except by agreement of the parties. The commencement of each new policy period brings into existence a new contract. Based upon this holding, an automobile insurance policy cannot be continuous in nature as a new contract comes into existence for each two-year guaranteed policy term. In its opinion, the trial court used the two dates supplied by appellants regarding when the Staleys' policy began, and determined, under each date, that R.C.3937.44, effective before the accident, controlled. Because an automobile insurance contract cannot be continuous under Wolfe, the trial court correctly applied Wolfe to the instant case and determined Erie's liability limit was one hundred thousand dollars ($100,000).
Appellants further argue that Wolfe does not automatically incorporate R.C. 3937.44 into all insurance policies issued after the effective date of Senate Bill 20. Appellants maintain that Senate Bill 20 is an enabling statute. Therefore, the insurance companies are under no obligation to comply with R.C. 3937.44. Rather, Senate Bill 20 permits a liability policy of insurance to include terms and conditions limiting coverage in wrongful death cases.
The coverage under the Staleys' policy was on a "split limits" basis. The policy states that the per person limit of one hundred thousand dollars ($100,000) is the most Erie will pay for damages arising out of bodily injury to one person in any one accident. Prior to the effective date of Senate Bill 20, this provision would have been unenforceable under Savoie. Once Senate Bill 20 became law, the limitation clause was effective. Erie did not have to specifically state it was incorporating Senate Bill 20, and therefore, R.C. 3937.44 into its policy. Erie already had the language permissible by R.C. 3937.44 in its policy. Because R.C.3937.44 became law before the policy covering this accident was issued, the trial court correctly found that R.C. 3937.44 applied and that the one hundred thousand dollar ($100,000) policy limitation for injury
to one person in an accident applied. Appellants' assignment of error is overruled. The judgment of the Trumbull County Court of Common Pleas is affirmed.
CHRISTLEY, P.J., NADER, J., concur.